IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUE MURPHY | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 3-09-MC-105-B |
| | § | |
| ADELPHIA RECOVERY TRUST | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM ORDER**

Adelphia Recovery Trust ("ART") has asked the court to reconsider its November 3, 2009 order quashing a Rule 45 subpoena issued to Sue Murphy, an attorney who represented Bank of America, N.A. ("BOA") in a transaction involving a $2.5 billion credit facility for the benefit of Adelphia Communications Corporation ("Adelphia") and its subsidiaries that is the subject of a lawsuit pending in New York federal court (the "New York Litigation"). As grounds for its motion, ART contends that: (1) counsel for BOA misled the court about the extent of Murphy's involvement in the New York Litigation; and (2) the court failed to consider all the deposition excerpts submitted by the parties, which resulted in the mistaken conclusion that ART failed to pursue relevant testimony from alternative sources. If ART can show that Murphy has knowledge of facts relevant to the New York Litigation, but is not so involved in that lawsuit such that her deposition could potentially lead to the disclosure of trial strategy and attorney work product, the *Shelton* test does not apply.[1] If the court failed to consider evidence tendered by the parties in their original submissions

---

[1] Under *Shelton*, a party make take the deposition of opposing counsel only if: (1) there are no other means to obtain the information sought; (2) the information is relevant and not privileged; and (3) the information is crucial to the preparation of the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

showing that ART cannot obtain the information it seeks from sources other than Murphy, it may

be able to satisfy the *Shelton* requirements.  Murphy has filed a response to the motion, and both

sides were given an opportunity to present evidence and argument at a hearing held on December

4, 2009.  This matter is now ripe for determination.

Because ART seeks reconsideration of a final order terminating this miscellaneous action,

the court considers the motion under Rule 59(e).  *See Trust Company Bank v. United States Gypsum

Co.*, 950 F.2d 1144, 1147 (5th Cir. 1992) ("[A] motion which challenges a prior judgment on the

merits will be treated as a Rule 59(e) motion if it is served within ten days after entry of the

judgment.").  To prevail, the movant must show:  (1) an intervening change in controlling law; (2)

the availability of new evidence not previously available; or (3) the need to correct a clear error of

law or prevent manifest injustice.  *See Nelson v. University of Texas at Dallas*, 491 F.Supp.2d 672,

675 (N.D. Tex. 2007), *rev'd on other grounds*, 535 F.3d 318 (5th Cir. 2008), *quoting In re Benjamin

Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  A Rule 59(e) motion cannot be used to "raise

arguments [that] could, and should, have been made before the judgment issued."  *Id.*, *quoting

Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007).  In the Fifth

Circuit, such a motion is considered an "extraordinary remedy that should be used sparingly."  *Id.*,

*quoting Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 125 S.Ct. 411

(2004).

In an attempt to show that counsel for BOA misled the court about the extent of Murphy's

involvement in the New York Litigation, ART relies on billing invoices showing that between

February 2007 and September 2009, Murphy billed only 130 hours to the file, which represents

0.38% of the total hours billed by her law firm.  The court initially observes that these billing

invoices were available to ART *before* the parties submitted their joint status report on the

underlying motion.[2] Thus, the invoices are not "new evidence" upon which the court may reconsider its prior order.

Even if the court considers this evidence, it does not compel a different result. That Murphy billed only 130 hours to the New York Litigation file between February 2007 and September 2009 does not necessarily mean that her involvement in the case has been *de minimus*. Although Murphy has billed less time to Adelphia matters in recent years, her billings since 2002--the year Adelphia filed for bankruptcy--total 4,408.9. Of that time, approximately 3,000 hours, representing more than $1.5 million in legal fees, were billed after ART initiated the New York Litigation in July 2003. (*See* Murph. Hrg. Exh. 4A). At the hearing, Murphy testified that much of her time was written-off due to limited funds available from the Adelphia Litigation Indemnification Fund for the payment of attorney's fees.[3] Murphy, who described her role in the New York Litigation as "captain" of the BOA defense team, also testified that she has participated in strategy discussions, assisted in drafting pleadings, met with witnesses, and helped collect and review documents--the same statements made in her prior declaration. (*See* Jt. Stat. Rep. App. Murph. Exh. B at 2, ¶ 8). Despite the relatively few

---

[2] Counsel for ART told the court that he did not have enough time to obtain the billing invoices from Adelphia before the deadline for filing the joint status report. This argument rings hollow. Under the meet-and-confer order issued on September 30, 2009, the parties were given eight days to submit a joint status report containing their arguments, authorities, and supporting evidence. *See* Order, 9/30/09 at 2. The order specifically provides:

> If further briefing is desired before any unresolved matters are decided, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

*Id.* at 3. ART did not request an opportunity to submit further briefing due to alleged time constraints in obtaining and reviewing Murphy's billing records. Nor did ART request an extension of time to submit the joint status report, which would have been granted as a matter of course. Moreover, ART waited until November 10, 2009--one week after the court issued its opinion--to request the billing records from Adelphia. (*See* ART Mem. Br. at 6 & App., Connell Decl. at 2, ¶ 5). The records were provided to ART promptly after the request was made.

[3] By order of the bankruptcy court, BOA and the other bank defendants have paid their litigation costs from the Adelphia Litigation Indemnification Fund, or "LIF," subject to disgorgement in the event ART prevails on its claims in the New York Litigation.

hours billed to the New York Litigation file in the last three years, the court still believes that allowing Murphy's deposition could potentially lead to the disclosure of litigation strategy and attorney work product. Therefore, *Shelton* applies.

The court also rejects the argument that it failed to consider the entire record submitted by the parties in concluding that there were "viable alternatives" to Murphy's deposition--a key factor under *Shelton*. Contrary to ART's claim, the court did not base its decision entirely on excerpted portions of Pamela Sue Kurtzman's deposition. (*See* ART Mem. Br. at 9). Instead, the court used the deposition excerpt as an example to illustrate how counsel for ART failed to pursue relevant testimony from alternative sources. *See* Mem. Op. & Order, 11/3/09 at 8. In addition, ART ignores that other witnesses deposed in the New York Litigation were able to testify about the origination, evolution, and negotiations of the credit transactions. The court's opinion specifically mentions three former Adelphia employees--Dean Marshall, Michael Mulcahey, and James Rigas--and summarizes the relevant portions of their testimony. *See id.* at 6-7. All the evidence originally submitted by the parties was carefully considered by the court in reaching its decision. There is no basis to revisit this issue.

For these reasons, ART's motion for reconsideration [Doc. #8] is denied.

SO ORDERED.

DATED: December 8, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE